UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEON D. BLACK,

                        Plaintiff,                  Case No: 21 Civ. 8824 (PAE)

    - against -

GUZEL GANIEVA, WIGDOR LLP
and JOHN DOES 1-3,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GUZEL GANIEVA'S MOTION TO DISMISS

                        LAW OFFICE OF KEVIN MINTZER, P.C.
                        Kevin Mintzer
                        Laura L. Koistinen
                        1350 Broadway, Suite 2220
                        New York, New York 10018
                        T: 646-843-8180
                        F: 646-478-9768
                        km@mintzerfirm.com


                        *Attorneys for Defendant Guzel Ganieva*

**PRELIMINARY STATEMENT**

Defendant Guzel Ganieva respectfully submits this memorandum of law in support of her motion to dismiss the Complaint of Plaintiff Leon D. Black pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

Ganieva is the plaintiff in an action pending in New York State Supreme Court in which she has asserted claims against Black for defamation, intentional infliction of emotional distress, gender motivated violence, and retaliation. *Ganieva v. Black*, Index No. 155262/2021 (N.Y. Cty. Sup. Ct.) (the "State Court Action"). In substance, Ganieva has alleged that Black sexually abused her for years, bullied her into silence with a coercive non-disclosure agreement, and then defamed her when she finally summoned the courage to speak publicly about Black's conduct. Her lawyers in that case are Wigdor LLP ("Wigdor"), a prominent law firm that is well known for representing victims of sexual assault.

Apparently dissatisfied with the progress of the State Court Action, Black has filed a federal Complaint in which he has repackaged state law claims against Ganieva that he had previously asserted – and later voluntarily dismissed.[1] Black's purported basis to be in federal court are civil RICO claims against Ganieva, Wigdor, and three John Does. Two of those Does are unknown public relations professionals – "flacks," per the Complaint – and a third is an unknown litigation "funder." Black imagines that this cabal has together formed a racketeering enterprise to "extort and cancel one of the world's most prominent business leaders" (i.e., himself). Cmplt. ¶ 6. In reality, there have never been any "flacks;" nor has there been a "funder." Black and his lawyers

---

[1] Ganieva filed the State Court Action on June 1, 2021. Roughly six weeks later, Black answered and asserted three counterclaims against Ganieva for defamation, defamation *per se* and breach of contract. *Ganieva v. Black*, Index No. 155262/2021 at Dkt. No. 4. Ganieva promptly moved to dismiss those counterclaims. *Id.* at Dkt. No. 19. Rather than oppose the motion to dismiss, Black withdrew the counterclaims on September 27, 2021. *Id.* at Dkt. No. 44.

already know this from discovery in the State Court Action, in which they have unsuccessfully sought to identify these people. Undeterred, Black alleges on information and belief that these non-existent people have joined together with Ganieva and Wigdor to form a conspiracy in violation of federal law. But Black's Complaint does not come close to meeting the pleading standards required for RICO claims, as demonstrated in the Memorandum of Law in Support of Defendant Wigdor LLP's Motion to Dismiss the Complaint ("Wigdor Mem." or "Wigdor Brief") and as discussed below. The defects in his federal claims are numerous and incurable.

Because Black is unable to plead RICO claims against Ganieva and there is no other basis for federal jurisdiction, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims against Ganieva. There is simply no basis to federalize the disputes between Ganieva and Black, which exclusively concern matters of state law. The Court should also not permit Black to drive a wedge between Ganieva, a sexual assault victim, and her counsel in the State Court Action through meritless satellite litigation. The Complaint against Ganieva should be dismissed.

## FACTS

The relevant facts are set forth in the Wigdor Brief at 3-6, which are incorporated by reference.

## ARGUMENT[2]

### I. THE COMPLAINT FAILS TO PLAUSIBLY ALLEGE A SUBSTANTIVE RICO OR RICO CONSPIRACY CLAIM AGAINST GANIEVA

The many deficiencies in Black's RICO claims identified in the Wigdor Brief are also applicable to the RICO claims against Ganieva. In the interest of judicial efficiency, rather than

---

[2] The legal standards applicable to Ganieva's motion to dismiss and the elements of Black's RICO claims are set forth in the Wigdor Brief at 6-7.

2

fully restate each of those arguments, Ganieva incorporates those arguments by reference as well as the authorities cited therein. Black's RICO claims under 18 U.S.C. §§1962 (c) and (d) against Ganieva should be dismissed for the following reasons:

*First*, the Complaint has failed to plausibly allege an "association-in-fact" racketeering enterprise. There is not a single allegation in the Complaint to support the conclusion that the RICO enterprise alleged by Black exists separately from the persons purportedly conducting the affairs of the enterprise. As this is an essential element of Black's RICO claims, those claims fail as a matter of law. Wigdor Mem. 8-11.

*Second*, the Complaint does not plausibly allege that Ganieva participated in the operation or management of a RICO enterprise. For the reasons stated in the Wigdor Brief, Black's allegations against Ganieva based on her activities while represented by Wigdor do not constitute operating or managing a RICO enterprise. Wigdor Mem. 11-13. To the extent that Black's RICO claims against Ganieva are based on her conduct *before* hiring Wigdor, they are equally meritless. Black's pre-Wigdor allegations against Ganieva are: 1) that she purportedly extorted him in 2015, which led to Black's agreement to forgive certain loans that he made to Ganieva and to make monthly payments of $100,000 to Ganieva from October 2015 and March 2021, Cmplt. ¶¶ 37-41; 2) that Ganieva sent him two texts in October 2019 in which she asked about their agreement and stated that he had sexually harassed her, trafficked her, raped her, blacklisted her, and forced her to sign an agreement under duress, *id.* ¶ 47; 3) that she had a law firm other than Wigdor send Black a letter in March 2020 requesting a copy of the agreement she had signed with Black, *id.* ¶43; and 4) that she tweeted about Black's sexual abuse of her in March 2021 and spoke to a journalist soon after, *id.* ¶¶ 46, 48. But these allegations are untethered to the alleged RICO enterprise that is the basis of Black's federal claims. To the contrary, based on the allegations in

3

the Complaint, Ganieva acted alone in her dealings with Black until she hired a law firm *other than Wigdor* in March 2020. *Id.* ¶¶ 36-43. Moreover, the Complaint suggests that (unnamed) members of Ganieva's "current enterprise" were acting independently of Ganieva as recently as October 2020. *Id.* ¶¶ 44-45. Thus, whether considering the period before or after Ganieva retained Wigdor, Black has failed to plausibly allege that Ganieva operated or managed a RICO enterprise.

*Third*, the Complaint does not plausibly allege that Ganieva has engaged in a pattern of racketeering activity. The actions that Black alleges Ganieva undertook while represented by Wigdor are not extortion under the Hobbs Act and do not constitute wire fraud or mail fraud or any other RICO predicate act. Wigdor Mem. 13-18. They also cannot satisfy the RICO pattern requirement. *Id.* at 18-20. Should Black try to rely on Ganieva's activities before Wigdor's alleged involvement to establish a pattern of racketeering, that argument must fail. The only conceivable RICO predicate act alleged in the Complaint during this earlier period – Ganieva's alleged extortion of Black in 2015 – is insufficient to demonstrate a "pattern." *Id.* 18. (citing *See H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). And, as discussed above, the Complaint does not allege that Ganieva committed this so-called extortion as part of a racketeering enterprise or with any other person or entity.

*Fourth*, Black has not alleged that he suffered a cognizable RICO injury. The only alleged damages Black has pleaded with the degree of specificity required by RICO have nothing to do with the alleged racketeering enterprise or purported racketeering activity that is the subject of his Complaint. Wigdor Mem. 20-21.

*Fifth*, Black's claims against the alleged "RICO enterprise" amount to nothing more than a claim that Ganieva has breached a contract with him and that he has not received the full benefits

4

of the payments he pressured her to accept. As explained in the Wigdor Brief, courts do not sustain RICO claims that are simply dressed up allegations for breach of contract. Wigdor Mem. 21-22.

*Sixth*, because Black has failed to allege a substantive violation of RICO, his claims for RICO conspiracy under 18 U.S.C. § 1962(d) must also be dismissed. Black has also failed to plausibly allege that Ganieva agreed to participate in the affairs of the enterprise through a pattern of racketeering activity, as is required for such a RICO conspiracy claim. Wigdor Mem. 22-23.

*Seventh*, the RICO claims asserted by Black against Ganieva, to the extent they are based on the State Court Action, filings in that action, or any complaints by Ganieva to the District Attorney, are barred by the *Noerr-Pennington* doctrine. Wigdor Mem. 23-24

For each of these reasons, the RICO claims asserted by Black against Ganieva are defective and should be dismissed.

## II.   THE STATE LAW CLAIMS AGAINST GANIEVA SHOULD BE DISMISSED

Because the only federal claims alleged by Black are inadequately pleaded and ripe for dismissal, the Court should not exercise supplemental jurisdiction over the state law claims asserted against Ganieva. Wigdor Mem. 25. At this early stage in the case, Black cannot show any legitimate reason why this Court should retain jurisdiction over purely state law claims. This is especially so considering Ganieva's ongoing and first-filed State Court Action. Principles of comity and the conversation of judicial resources support allowing the New York courts to resolve the competing claims between Ganieva and Black. Moreover, retaining jurisdiction over this matter would reward Black's transparent forum shopping and bolster his improper attempt to sow conflict between Ganieva and her counsel in the State Court Action.

Finally, while the Court need not reach the issue, insofar as Black's defamation claims against Ganieva are based on litigation filings in the State Court Action, the statements in those

5

filings are privileged and not actionable under New York's privilege for judicial proceedings. Wigdor Mem. 26-27. Furthermore, the State Court Action has been extensively litigated by Ganieva and her lawyers. Black thus cannot benefit from the narrow exception to the judicial proceedings privilege for so-called "sham litigation." *Id.*

## CONCLUSION

For the reasons set forth above and in the Wigdor Brief, Ganieva's motion to dismiss should be granted and the Complaint against her should be dismissed, together with such other and further relief as the Court deems proper.

Dated: January 7, 2021
      New York, New York

By: _____
LAW OFFICE OF
KEVIN MINTZER, P.C.
Kevin Mintzer
Laura L. Koistinen (not yet admitted to the SDNY)
1350 Broadway, Suite 2220
New York, New York 10018
*Attorneys for Defendant Guzel Ganieva*
646-843-8180
km@mintzerfirm.com

6