UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LEON D. BLACK,

                              Plaintiff,          Docket No.:1:21-cv-08824-PAE

        -against-

GUZEL GANIEVA, WIGDOR LLP,
AND JOHN DOES 1-3,

                             Defendants.
-------------------------------------------------------------------X

## NOTICE OF MOTION PURSUANT TO FED. R. CIV. P. 11

**PLEASE TAKE NOTICE** that the Defendant, Wigdor LLP ("Defendant" or "Wigdor LLP"), hereby moves this Court pursuant to Fed. R. Civ. P. 11(c) for an order imposing sanctions on Plaintiff Leon D. Black ("Plaintiff") and his counsel because:

(i) Plaintiff and his counsel violated Fed. R. Civ. P. 11(b)(3), by asserting factual contentions in the Complaint in this action without any evidentiary support, without any likelihood of obtaining any evidentiary support, and without making any reasonable inquiry regarding the evidentiary support for their contentions. These baseless factual contentions include the claims that Wigdor LLP engaged in racketeering activity, conspired with others to engage in racketeering activity, that Wigdor LLP's purported "co-conspirators" actually existed in the first instance, that a racketeering enterprise exists, and that Wigdor LLP defamed Plaintiff.

(ii) Plaintiff and his counsel violated Fed. R. Civ. P. 11(b)(2), by asserting claims against Wigdor LLP and related legal contentions that are unwarranted by existing law, or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, and by failing to make any reasonable inquiry regarding the legal basis for the claims and contentions. These baseless claims and legal contentions include: (i) the claims and contentions that Wigdor LLP was part of a racketeering enterprise and that any racketeering enterprise existed in the first place -- when in fact no legally cognizable enterprise existed that was distinct from the alleged racketeering persons or the alleged pattern of racketeering activity; (ii) that Wigdor LLP participated in the operation and management of a racketeering enterprise, when Wigdor LLP did not engage in activities that meet the standards for "operation and management" of a RICO enterprise; (iii) that Wigdor LLP engaged in predicate acts of racketeering

      activity, when in fact Wigdor LLP did not engage in any activities that constitute predicate acts of racketeering activity; (iv) that there was a pattern of such racketeering activity, when in fact there was neither an open-ended pattern or a closed-ended pattern of racketeering activity; (v) that Wigdor LLP conspired with others to engage in any racketeering activity, when in fact there is no legal or factual basis for the conspiracy allegations; (vi) that Plaintiff was injured by reason of any such purported racketeering activity, when in fact Plaintiff has not alleged any injuries arising from any purported racketeering activity by Wigdor LLP; (vii) that Plaintiff's purported racketeering claims against Wigdor LLP are legally sufficient; and (viii) that Plaintiff has a viable defamation claim against Wigdor LLP, when in fact its defamation claim is barred by the litigation privilege, and by the fact that the supposedly-defamatory statements either constitute fair and true reports of a judicial proceeding, or else constitute non-actionable opinion.

(iii)    Plaintiff and his counsel violated Fed. R. Civ. P. 11(b)(1), in that they commenced this action and filed the Complaint in this action for an improper purpose. This improper purpose was to retaliate against Defendant and interfere with Defendant's ability to represent Guzel Ganieva ("Ms. Ganieva") in her first-filed state court action against Plaintiff, by naming Defendant and Ms. Ganieva as co-defendants on a series of factually and legally baseless claims.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff's papers in opposition to this motion, and Defendant's reply papers, shall be served in accordance with Local Civil Rule 6.1.

Dated: Uniondale, New York
       January 10, 2022

           Respectfully submitted,

           RIVKIN RADLER LLP

           By: /s/ Max Gershenoff
           Janice DiGennaro, Esq.
           Max Gershenoff, Esq.
           Yonatan Bernstein, Esq.
           926 RXR Plaza
           Uniondale, NY 11556-0926
           Tel.: (516) 357-3000
           Fax: (516) 357-3333
           janice.digennaro@rivkin.com
           max.gershenoff@rivkin.com
           yonatan.bernstein@rivkin.com
           *Counsel for Defendant Wigdor LLP*