DocuSign Envelope ID: 6A43DC18-568A-4C5B-8699-BE83909A8C2C

# WIGDOR LLP
## ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Jeanne M. Christensen**
jchristensen@wigdorlaw.com

April 9, 2021

**PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION**

**VIA EMAIL** – g

Guzel Ganieva

     Re:    <u>Claims Against Leon Black</u>

Dear Guzel:



As explained to you, our fee for professional services rendered will be calculated based upon a contingency fee equal to thirty eight percent (38%) of the gross amount of any recovery obtained on your behalf. In the event a resolution involves more than one payment installment, attorney's fees and costs will be paid from the first installment.  There is a possibility that you will recover nothing, in which case we will receive no attorneys' fee from you. REDACTED



DocuSign Envelope ID: 6A43DC18-568A-4C5B-8699-BE83909A8C2C



DocuSign Envelope ID: 6A43DC18-568A-4C5B-8699-BE83909A8C2C



DocuSign Envelope ID: 6A43DC18-568A-4C5B-8699-BE83909A8C2C

# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

# REDACTED

Sincerely,

Jeanne M. Christensen

AGREED:

Guzel Ganieva

Dated: 04/09/2021

CONFIDENTIAL

PL000577

DocuSign Envelope ID: 7C8993C9-987A-4B1F-83A0-430D2EFE6727



# New York State
# Fee Dispute Resolution Program

*Part 137 of Title 22 of the Official Compilation of Codes, Rules and Regulations of the State of New York*

Website: www.nycourts.gov/feedispute   •   E-mail: feedispute@courts.state.ny.us

Toll-free phone: 1-877-FEES-137 (1-877-333-7137)

---

### §137.0   Scope of Program

This Part establishes the New York State Fee Dispute Resolution Program, which provides for the informal and expeditious resolution of fee disputes between attorneys and clients through arbitration and mediation. In accordance with the procedures for arbitration, arbitrators shall determine the reasonableness of fees for professional services, including costs, taking into account all relevant facts and circumstances. Mediation of fee disputes, where available, is strongly encouraged.

### §137.1   Application

(a) This Part shall apply where representation has commenced on or after January 1, 2002, to all attorneys admitted to the bar of the State of New York who undertake to represent a client in any civil matter.

(b) This Part shall not apply to any of the following:

(1) representation in criminal matters;

(2) amounts in dispute involving a sum of less than $1000 or more than $50,000, except that an arbitral body may hear disputes involving other amounts if the parties have consented;

(3) claims involving substantial legal questions, including professional malpractice or misconduct;

(4) claims against an attorney for damages or affirmative relief other than adjustment of the fee;

(5) disputes where the fee to be paid by the client has been determined pursuant to statute or rule and allowed as of right by a court; or where the fee has been determined pursuant to a court order;

(6) disputes where no attorney's services have been rendered for more than two years;

(7) disputes where the attorney is admitted to practice in another jurisdiction and maintains no office in the State of New York, or where no material portion of the services was rendered in New York;

(8) disputes where the request for arbitration is made by a person who is not the client of the attorney or the legal representative of the client.

### §137.2   General

(a) In the event of a fee dispute between attorney and client, whether or not the attorney already has received some or all of the fee in dispute, the client may seek to resolve the dispute by arbitration under this Part. Arbitration under this Part shall be mandatory for an attorney if requested by a client, and the arbitration award shall be final and binding unless de novo review is sought as provided in section 137.8.

(b) The client may consent in advance to submit fee disputes to arbitration under this Part. Such consent shall be stated in a retainer agreement or other writing that specifies that the client has read the official written instructions and procedures for Part 137, and that the client agrees to resolve fee disputes under this Part.

(c) The attorney and client may consent in advance to arbitration pursuant to this Part that is final and binding upon the parties and not subject to de novo review. Such consent shall be in writing in a form prescribed by the Board of Governors.

(d) The attorney and client may consent in advance to submit fee disputes for final and binding arbitration to an arbitral forum other than an arbitral body created by this Part. Such consent shall be in writing in a form prescribed by the Board of Governors. Arbitration in that arbitral forum shall be governed by the rules and procedures of that forum and shall not be subject to this Part.

### §137.3   Board of Governors

(a) There shall be a Board of Governors of the New York State Fee Dispute Resolution Program.

(b) The Board of Governors shall consist of 18 members, to be designated from the following: 12 members of the bar of the State of New York and six members of the public who are not lawyers. Members of the bar may include judges and justices of the New York State Unified Court System.

(1) The members from the bar shall be appointed as follows: four by the Chief Judge from the

CONFIDENTIAL

PL000578

DocuSign Envelope ID: 7C8993C9-987A-4B1F-83A0-430D2EFE6727

membership of statewide bar associations and two each by the Presiding Justices of the Appellate Divisions.

(2) The public members shall be appointed as follows: two by the Chief Judge and one each by the Presiding Justices of the Appellate Divisions.

Appointing officials shall give consideration to appointees who have some background in alternative dispute resolution.

(c) The Chief Judge shall designate the chairperson.

(d) Board members shall serve for terms of three years and shall be eligible for reappointment. The initial terms of service shall be designated by the Chief Judge such that six members serve one-year terms, six members serve two-year terms, and six members serve three-year terms. A person appointed to fill a vacancy occurring other than by expiration of a term of office shall be appointed for the unexpired term of the member he or she succeeds.

(e) Eleven members of the Board of Governors shall constitute a quorum. Decisions shall be made by a majority of the quorum.

(f) Members of the Board of Governors shall serve without compensation but shall be reimbursed for their reasonable, actual and direct expenses incurred in furtherance of their official duties.

(g) The Board of Governors, with the approval of the four Presiding Justices of the Appellate Divisions, shall adopt such guidelines and standards as may be necessary and appropriate for the operation of programs under this Part, including, but not limited to: accrediting arbitral bodies to provide fee dispute resolution services under this Part; prescribing standards regarding the training and qualifications of arbitrators; monitoring the operation and performance of arbitration programs to insure their conformance with the guidelines and standards established by this Part and the Board of Governors; and submission by arbitral bodies of annual reports in writing to the Board of Governors.

(h) The Board of Governors shall submit to the Administrative Board of the Courts an annual report in such form as the Administrative Board shall require.

### §137.4   Arbitral Bodies

(a) A fee dispute resolution program recommended by the Board of Governors, and approved by the Presiding Justice of the Appellate Division in the judicial department where the program is established, shall be established and administered in each county or in a combination of counties. Each program shall be established and administered by a local bar association (the "arbitral body") to the extent practicable. The New York State Bar Association, the Unified Court System through the District Administrative Judges, or such other entity as the Board of Governors may recommend also may be designated as an arbitral body in a fee dispute resolution program approved pursuant to this Part.

(b) Each arbitral body shall:

(1) establish written instructions and procedures for administering the program, subject to the approval of the Board of Governors and consistent with this Part. The procedures shall include a process for selecting and assigning arbitrators to hear and determine the fee disputes covered by this Part. Arbitral bodies are strongly encouraged to include nonlawyer members of the public in any pool of arbitrators that will be used for the designation of multi-member arbitrator panels.

(2) require that arbitrators file a written oath or affirmation to faithfully and fairly arbitrate all disputes that come before them.

(3) be responsible for the daily administration of the arbitration program and maintain all necessary files, records, information and documentation required for purposes of the operation of the program, in accordance with directives and procedures established by the Board of Governors.

(4) prepare an annual report for the Board of Governors containing a statistical synopsis of fee dispute resolution activity and such other data as the Board shall prescribe.

(5) designate one or more persons to administer the program and serve as a liaison to the public, the bar, the Board of Governors and the grievance committees of the Appellate Division.

### §137.5   Venue

A fee dispute shall be heard by the arbitral body handling disputes in the county in which the majority of the legal services were performed. For good cause shown, a dispute may be transferred from one arbitral body to another. The Board of Governors shall resolve any disputes between arbitral bodies over venue.

### §137.6   Arbitration Procedure

(a) (1) Except as set forth in paragraph (2), where the attorney and client cannot agree as to the attorney's fee, the attorney shall forward a written notice to the client, entitled "Notice of Client's Right to Arbitrate," by certified mail or by personal service. The notice (i) shall be in a form approved by the Board of Governors; (ii) shall contain a statement of the client's right to arbitrate; (iii) shall advise that the client has 30 days from receipt of the notice in which to elect to resolve the dispute under this Part; (iv)

CONFIDENTIAL

PL000579

DocuSign Envelope ID: 7C8993C9-987A-4B1F-83A0-430D2EFE6727

shall be accompanied by the written instructions and procedures for the arbitral body having jurisdiction over the fee dispute, which explain how to commence a fee arbitration proceeding; and (v) shall be accompanied by a copy of the "request for arbitration" form necessary to commence the arbitration proceeding.

(2) Where the client has consented in advance to submit fee disputes to arbitration as set forth in subdivisions (b) and (c) of section 137.2 of this Part, and where the attorney and client cannot agree as to the attorney's fee, the attorney shall forward to the client, by certified mail or by personal service, a copy of the "request for arbitration" form necessary to commence the arbitration proceeding along with such notice and instructions as shall be required by the rules and guidelines of the Board of Governors, and the provisions of subdivision (b) of this section shall not apply.

(b) If the attorney forwards to the client by certified mail or personal service a notice of the client's right to arbitrate, and the client does not file a request for arbitration within 30 days after the notice was received or served, the attorney may commence an action in a court of competent jurisdiction to recover the fee and the client no longer shall have the right to request arbitration pursuant to this Part with respect to the fee dispute at issue. An attorney who institutes an action to recover a fee must allege in the complaint (i) that the client received notice under this Part of the client's right to pursue arbitration and did not file a timely request for arbitration or (ii) that the dispute is not otherwise covered by this Part.

(c) In the event the client determines to pursue arbitration on the client's own initiative, the client may directly contact the arbitral body having jurisdiction over the fee dispute. Alternatively, the client may contact the attorney, who shall be under an obligation to refer the client to the arbitral body having jurisdiction over the dispute. The arbitral body then shall forward to the client the appropriate papers set forth in subdivision (a) necessary for commencement of the arbitration.

(d) If the client elects to submit the dispute to arbitration, the client shall file the "request for arbitration form" with the appropriate arbitral body, and the arbitral body shall mail a copy of the "request for arbitration" to the named attorney together with an "attorney fee response" to be completed by the attorney and returned to the arbitral body within 15 days of mailing. The attorney shall include with the "attorney fee response" a certification that a copy of the response was served upon the client.

(e) Upon receipt of the attorney's response, the arbitral body shall designate the arbitrator or arbitrators who will hear the dispute and shall expeditiously schedule a hearing. The parties must receive at least 15 days notice in writing of the time and place of the hearing and of the identity of the arbitrator or arbitrators.

(f) Either party may request the removal of an arbitrator based upon the arbitrator's personal or professional relationship to a party or counsel. A request for removal must be made to the arbitral body no later than five days prior to the scheduled date of the hearing. The arbitral body shall have the final decision concerning the removal of an arbitrator.

(g) The client may not withdraw from the process after the arbitral body has received the "attorney fee response." If the client seeks to withdraw at any time thereafter, the arbitration will proceed as scheduled whether or not the client appears, and a decision will be made on the basis of the evidence presented.

(h) If the attorney without good cause fails to respond to a request for arbitration or otherwise does not participate in the arbitration, the arbitration will proceed as scheduled and a decision will be made on the basis of the evidence presented.

(i) Any party may participate in the arbitration hearing without a personal appearance by submitting to the arbitrator testimony and exhibits by written declaration under penalty of perjury.

§137.7  Arbitration Hearing

(a) Arbitrators shall have the power to:

(1) take and hear evidence pertaining to the proceeding;

(2) administer oaths and affirmations; and

(3) compel, by subpoena, the attendance of witnesses and the production of books, papers and documents pertaining to the proceeding.

(b) The rules of evidence need not be observed at the hearing.

(c) Either party, at his or her own expense, may be represented by counsel.

(d) The burden shall be on the attorney to prove the reasonableness of the fee by a preponderance of the evidence and to present documentation of the work performed and the billing history. The client may then present his or her account of the services rendered and time expended. Witnesses may be called by the parties. The client shall have the right of final reply.

(e) Any party may provide for a stenographic or other record at the party's expense. Any other party to the arbitration shall be entitled to a copy of said record upon written request and payment of the expense thereof.

CONFIDENTIAL

PL000580

DocuSign Envelope ID: 7C8993C9-987A-4B1F-83A0-430D2EFE6727

(f) The arbitration award shall be issued no later than 30 days after the date of the hearing. Arbitration awards shall be in writing and shall specify the bases for the determination. Except as set forth in section 137.8, all arbitration awards shall be final and binding.

(g) Should the arbitrator or arbitral body become aware of evidence of professional misconduct as a result of the fee dispute resolution process, that arbitrator or body shall refer such evidence to the appropriate grievance committee of the Appellate Division for appropriate action.

(h) In any arbitration conducted under this Part, an arbitrator shall have the same immunity that attaches in judicial proceedings.

### §137.8    De Novo Review

(a) A party aggrieved by the arbitration award may commence an action on the merits of the fee dispute in a court of competent jurisdiction within 30 days after the arbitration award has been mailed. If no action is commenced within 30 days of the mailing of the arbitration award, the award shall become final and binding.

(b) Any party who fails to participate in the hearing shall not be entitled to seek de novo review absent good cause for such failure to participate.

(c) Arbitrators shall not be called as witnesses nor shall the arbitration award be admitted in evidence at the trial de novo.

### §137.9    Filing Fees

Upon application to the Board of Governors, and approval by the Presiding Justice of the Appellate Division in the judicial department where the arbitral program is established, an arbitral body may require payment by the parties of a filing fee. The filing fee shall be reasonably related to the cost of providing the service and shall not be in such an amount as to discourage use of the program.

### §137.10    Confidentiality

All proceedings and hearings commenced and conducted in accordance with this Part, including all papers in the arbitration case file, shall be confidential, except to the extent necessary to take ancillary legal action with respect to a fee matter.

### §137.11 Failure to Participate in Arbitration

All attorneys are required to participate in the arbitration program established by this Part upon the filing of a request for arbitration by a client in conformance with these rules. An attorney who without good cause fails to participate in the arbitration process shall be referred to the appropriate grievance committee of the Appellate Division for appropriate action.

### §137.12    Mediation

(a) Arbitral bodies are strongly encouraged to offer mediation services as part of a mediation program approved by the Board of Governors. The mediation program shall permit arbitration pursuant to this Part in the event the mediation does not resolve the fee dispute.

(b) All mediation proceedings and all settlement discussions and offers of settlement are confidential and may not be disclosed in any subsequent arbitration.

CONFIDENTIAL

PL000581