

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**MAX GERSHENOFF**
PARTNER
(516) 357-3444
max.gershenoff@rivkin.com

January 14, 2022

**VIA ECF**

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

Re: *Black v. Ganieva, et al.*, S.D.N.Y. Case No. 1:21-cv-08824

Dear Judge Engelmayer:

We represent Defendant Wigdor LLP ("Wigdor") in the above-referenced matter. On behalf of Wigdor, we respectfully submit this letter in opposition to Plaintiff Leon Black's ("Plaintiff" or "Black") letter motion for an extension of time to respond to Wigdor's motion for Rule 11 sanctions. See ECF No. 36. As discussed in Wigdor's pending motion for Rule 11 sanctions, and motion to dismiss (see ECF No. 30), Wigdor is a law firm that represents sexual assault victims, and currently represents Guzel Ganieva ("Ms. Ganieva") -- the only other named Defendant in this action -- in a first-filed, sexual assault and defamation lawsuit against Black that is currently pending in New York State Supreme Court. It is clear from the face of his Complaint in this action that Black -- with the imprimatur of his counsel -- asserted specious "RICO" and "defamation" claims against Wigdor in an improper attempt to interfere with Wigdor's ability to represent Ms. Ganieva in her first-filed state court case, and to retaliate against Wigdor for representing Ms. Ganieva in that case. See ECF No. 1, passim.

Because Black does not provide any of the relevant facts regarding Wigdor's objections to the requested extension, and -- in contravention of the Court's Individual Practices -- does not set forth the grounds for Wigdor's objections, it is worthwhile to briefly recount them.[1] On December

---

[1] On January 13, 2022, the undersigned corresponded with Black's counsel, setting forth the reasons -- also discussed herein -- why Wigdor would not consent to extend the briefing schedule on the Rule 11 motion. Even so, Black's letter motion fails to set forth the "reasons given by the adversary for refusing to consent." See Individual Rule 1.E. As Black points out, Wigdor's



Honorable Paul A. Engelmayer
January 14, 2022
Page 2

14, 2021, Wigdor's counsel served Black and his counsel with the Rule 11 motion as required by Fed. R. Civ. P. 11(c), together with a "safe harbor" letter advising them that -- unless the claims against Wigdor were withdrawn within 21 days -- Wigdor would proceed to move for sanctions. Despite the fact that Wigdor's December 14th safe harbor letter set forth all the reasons why Black's Complaint is defective and sanctionable, Black and his counsel did not withdraw the Complaint within the safe harbor period. Instead, in a January 4, 2022 letter, they explicitly <u>refused</u> to withdraw the Complaint, and therefore forced Wigdor to file its motion to dismiss the Complaint. In this context, it is worthwhile to note that Wigdor's motion to dismiss contains substantially the same arguments set forth in the safe harbor letter, which underscores the extent to which Black forced Wigdor to prepare and file an unnecessary motion to dismiss. It was only after forcing Wigdor to incur the unnecessary expense of a motion to dismiss the current Complaint that Black and his counsel belatedly evinced an intention to amend. Though they have announced their intention to amend, they still have not withdrawn Black's current Complaint.

Now, Black and his counsel contend -- in conclusory fashion -- that their prospective filing of an Amended Complaint somehow will "moot" Wigdor's Rule 11 motion, which is directed toward the baseless, defective, and improper claims in Black's <u>current</u> Complaint, which was not withdrawn within the safe harbor period. They go so far as to contend that -- upon the filing of the Amended Complaint -- the Court should deny Wigdor's Rule 11 motion as "moot". However, Black cites no authority that would support this proposition, which is at odds with the plain language of Rule 11. Even if Black does proceed to file an Amended Complaint, he failed to withdraw his current, sanctionable Complaint within the safe harbor period, and instead forced Wigdor to incur the expense of an unnecessary motion to dismiss. Though we made these points to opposing counsel, they do not appear in Black's letter motion.

At bottom, Black's request for an extension is based on the mistaken idea that his Amended Complaint will somehow render Wigdor's Rule 11 motion moot. Accordingly, the request should be denied.

Respectfully submitted,

RIVKIN RADLER LLP

*/s/ Max Gershenoff*

Max Gershenoff

cc:      All counsel via ECF.

---

memorandum of law in support of its Rule 11 motion itself is a few pages over the Court's 25-page limit. Though the brief could fit into 25 pages if put into a different 12-point font, we will ensure that all future memoranda strictly comply with the Court's rules.