

ESTRICH GOLDIN
www.estrichgoldin.com

January 14, 2022

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   *Black v. Ganieva, et al.*, No. 1:21-cv-08824 (PAE)

Dear Judge Engelmayer:

I write on behalf of Plaintiff Leon Black in reply to Defendant Wigdor LLP's January 14, 2022 Letter (ECF No. 37) opposing Mr. Black's request for an extension of his deadline to respond to Wigdor's Motion for Sanctions in connection with the Complaint (ECF No. 33), which is presently set for January 24, 2022 (*see* ECF No. 34).

Wigdor offers no good reason why the sanctions motion and its Motion to Dismiss (ECF No. 30)—which Wigdor acknowledges "contain substantially the same arguments" (Ltr. 2.)—should be briefed and decided on different tracks. As Mr. Black noted in his January 13, 2022 Letter (ECF No. 36), he intends to amend his complaint on or before January 28, 2022. Wigdor will then have until February 18, 2022 to respond to the amended complaint. (*See* ECF No. 32.) Should Wigdor file a new motion to dismiss or rely on its previous motion—which Wigdor has told Mr. Black it intends to do—then Mr. Black's response will be due 14 days thereafter. (*See id.*) It makes little sense to require Mr. Black to respond to the sanctions motion on January 24, 2022, when his response to Wigdor's motion to dismiss containing "substantially the same arguments" (Ltr. 2) may not be due until early March. It would be far more efficient for the parties and the Court if these motions were briefed and considered on the same schedule, as Mr. Black proposes.

Moreover, Wigdor is incorrect in asserting that Mr. Black's amended complaint will not moot the sanctions motion. It will. *See, e.g., E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 181–82 (S.D.N.Y. 2008) ("Rothenhaus argues that the Amended

1

Complaint was filed after the twenty-one day safe harbor provision pursuant to Rule 11(c)(2) lapsed, and that the Amended Complaint does not moot the Rule 11 Motion.... The Court disagrees...."); *Sichel v. UNUM Provident Corp.*, 230 F. Supp. 2d 325, 333 (S.D.N.Y. 2002) ("Sichel is permitted to file an Amended Complaint on this count; sanctions at this time would be premature."); *Stephens v. Lennar Corp.*, 2010 WL 11523917, at *2 (C.D. Cal. Jan. 25, 2010) (denying motion for sanctions directed to a "superseded version[] of the Complaint" because the motion was "mooted upon the filing of the amended complaint"); *Moore v. Leo Burnett Worldwide, Inc.*, 2008 WL 4647814, at *3 (E.D. Mich. Oct. 21, 2008) (denying motion for Rule 11 sanctions without prejudice where plaintiff was afforded leave to amend, noting that "[a]t this stage in the litigation, the court cannot yet conclude that" the plaintiff's claims were "advanced in bad faith"); *cf. Sang Lan v. Time Warner, Inc.*, 2015 WL 4469838, at *2 (S.D.N.Y. July 13, 2015) (denying without prejudice a motion for Rule 11 sanctions based on a pleading "until the plaintiff's claims are addressed on their merits through an appropriate dispositive motion or at trial," noting that courts have a "preference for resolving this type of Rule 11 motion after the development of the record," and "where a Rule 11 motion is based on the institution of the action itself, it will generally not be decided until after the litigation is completed"). Upon the filing of Mr. Black's amended complaint, Wigdor's sanctions motion should be denied as moot, with Wigdor having the option to renew its motion or file a new one once it has seen and considered Mr. Black's amended pleading.

Finally, Wigdor gives no justification for its refusal to consent to a brief extension of Mr. Black's deadline to respond. Wigdor itself requested and received a *months-long* extension of time to answer Mr. Black's Complaint. (*See* ECF Nos. 12, 17). Wigdor articulates zero prejudice that would occur if Mr. Black's response deadline were extended until on or after January 28, 2022, as Mr. Black has requested.

For the above reasons, and those set forth in Mr. Black's January 13, 2022 Letter (ECF No. 36), Mr. Black respectfully requests that Mr. Black's deadline to respond to the Motion for Sanctions be extended until on or after January 28, 2022, and that, upon the filing of his amended complaint, the Motion for Sanctions be denied as moot, with Wigdor having the option, by February 18, 2022, to (1) file a new motion; (2) submit a letter to the Court, copying Mr. Black, stating that it relies on the previously filed motion for sanctions; or (3) withdraw its request for sanctions.

Thank you for your attention to this matter.

Respectfully,

*Susan Estrich*

Susan Estrich
Counsel for Plaintiff

Cc: All Counsel of Record (by ECF)

---

Estrich Goldin LLP
susan@estrichgoldin.com
www.estrichgoldin.com

Denied. Plaintiff did not withdraw the allegedly sanctionable complaint within the 21-day safe harbor period. Defendant's bid for sanctions is, therefore, not moot. *See Carousel Foods of Am., Inc. v. Abrams & Co.,* 423 F. Supp. 2d 119, 123–24 (S.D.N.Y. 2006); *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.,* No. 15 Civ. 2457 (GHW), 2019 WL 1244493, at *10 (S.D.N.Y. Mar. 18, 2019), *vacated in part,* 991 F.3d 361 (2d Cir. 2021), *and aff'd,* 850 F. App'x 38 (2d Cir. 2021). Plaintiff's response to the motion for sanctions remains due January 24, 2022. Plaintiff is at liberty in its response to address how the anticipated amendments to its complaint affect the scope of its liability, if any, for sanctions.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge
January 19, 2022