

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**MAX GERSHENOFF**
PARTNER
(516) 357-3444
max.gershenoff@rivkin.com

February 8, 2022

**VIA ECF**

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

    Re:   *Black v. Ganieva, et al.*, S.D.N.Y. Case No. 1:21-cv-08824

Dear Judge Engelmayer:

    We represent Defendant Wigdor LLP ("Wigdor") in the above-referenced matter. Together with counsel for Defendant Guzel Ganieva ("Ms. Ganieva"), we jointly and respectfully request that the Court: (i) extend Wigdor and Ms. Ganieva's due date to respond to the Amended Complaint, from February 18, 2022 until such time as the newly-added Defendants, Josh Harris and Steven Rubenstein ("Mr. Harris and Mr. Rubenstein"), are themselves due to respond to the Amended Complaint; and (ii) adjourn the initial conference in this action, from February 22, 2022 until such time as Mr. Harris and Mr. Rubenstein have responded to the Amended Complaint in this case.

    In the alternative, Wigdor and Ms. Ganieva respectfully request that the due date for their responses to the Amended Complaint be extended for 30 days, or from February 18, 2022 to March 18, 2022, and that the initial conference in this action be adjourned from February 22, 2022 to March 22, 2022 or a date thereafter that is convenient for the Court.

    Wigdor and Ms. Ganieva have not previously requested any extension of time to respond to the recently-filed Amended Complaint. This is the second request for an adjournment of the initial conference. The Court previously granted the parties' joint motion to adjourn the initial conference to February 22nd after counsel for Plaintiff Leon Black indicated that he intended to file an Amended Complaint. See ECF Nos. 35, 39. <u>Notably, in the letter requesting the adjournment, Plaintiff's counsel correctly stated that "[t]he parties believe that the parties and the Court would benefit from discussing issues of case management and scheduling in the context of Mr. Black's amended pleading and Defendants' responses to that pleading."</u> See ECF No. 35.



There is good cause for this request. As noted above, Plaintiffs' counsel herself previously advised the Court of the parties' belief that case management and scheduling discussions should await the Defendants' responses to Plaintiff's Amended Complaint. See Docket No. 39. What is more, the Court itself previously noted that it is not the Court's general practice to hold an initial conference or permit discovery to proceed before defendants have responded to a complaint. See ECF No. 17.

Though Plaintiff recently filed the Amended Complaint adding Mr. Harris and Mr. Rubenstein as two entirely new Defendants, neither of them appear to have been served yet. Wigdor and Ms. Ganieva respectfully submit that the initial conference in this action should be adjourned until after Mr. Harris and Mr. Rubenstein have been served and had the opportunity to respond to the pleading, as their participation in the initial conference is essential. This is especially so considering that the "RICO" and "defamation" claims against Wigdor and Ms. Ganieva on the one hand, and Mr. Harris and Mr. Rubenstein on the other, are factually and legally intertwined.

Also, considering the extent to which the claims against each of the Defendants are factually and legally interrelated, Wigdor and Ms. Ganieva believe the Court should consider the sufficiency of the claims against everyone together. In addition, the undersigned counsel respectfully requests the adjournment because of personal and professional commitments, including several summary judgment motions that are due over the next two weeks.

In the alternative, Wigdor and Ms. Ganieva respectfully request a 30 day adjournment of the initial conference and the due date for their responses to the Complaint. At least, by that point, the Court and the parties should have clarity as to whether Mr. Harris and Mr. Rubenstein have been served and, if so, when they are due to respond to the Amended Complaint.

Plaintiff has indicated that he consents to the requested 30-day extension of Defendants' time to respond to the Amended Complaint, but not an adjournment of the initial conference, because he believes the initial conference should go forward as scheduled.

Respectfully submitted,

RIVKIN RADLER LLP

*/s/ Max Gershenoff*
Max Gershenoff

cc: All counsel via ECF.