# Exhibit A

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3200**

WRITER'S EMAIL ADDRESS
**johnquinn@quinnemanuel.com**

February 9, 2022

**VIA ECF**
The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:  *Black v. Ganieva*, No. 1:21-cv-08824-PAE (S.D.N.Y.)

Dear Judge Engelmayer

      I write on behalf of Plaintiff Leon Black to correct inaccurate statements in Defendant Wigdor LLP's Reply Memorandum ("Reply", ECF No. 55) and the accompanying Declaration of Max Gershenoff ("Declaration", ECF No. 56) regarding the January 23, 2022 telephone conversation between Michael Carlinsky and Max Gershenoff.  Our effort to resolve this matter through conferral with counsel for Wigdor LLP was not successful.

      As a threshold, Wigdor LLP's submissions improperly rely upon a description (albeit inaccurate) of a January 23 conversation between counsel that was meant to resolve the parties' dispute—a settlement discussion clearly protected under Fed. R. Evid. 408 which should not have been offered to the Court as support for Wigdor LLP's claims ("a statement made during compromise negotiations about the claim" "is not admissible").  It is inaccurate for Wigdor LLP to suggest that Mr. Black's counsel somehow opened the door to sharing their protected communications by noting in Mr. Black's opposition brief that Wigdor LLP had declined to agree to withdraw its Rule 11 motion pending the filing of an amended complaint.  A description of Wigdor LLP's procedural position is not a protected communication under Rule 408.  "[E]vidence … otherwise barred by Rule 408, can fall outside the Rule if it is offered for 'another purpose,' i.e., for a purpose other than to prove or disprove the validity of the claims[.]" *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 293 (2d Cir. 1999) (internal quotations omitted).

      More substantively, Wigdor LLP's improper references to the January 23 conversation are materially misleading and reveal a fundamental inconsistency between its Reply memorandum and the Gershenoff Declaration upon which it purports to rely.  In its Reply brief, Wigdor LLP falsely cites to the Gershenoff Declaration for the allegations that Ms. Carlinsky "acknowledged

that he did not have information connecting Ms. Ganieva to any purported 'Funder'" and "wanted Wigdor to provide information against its own client." Reply at 3. These allegations are false. Mr. Carlinsky did not state that he had no information linking Ganieva to the Funder, nor did he ask Mr. Gershenoff to ask Wigdor LLP to betray Ms. Ganieva's interests to further their own. Such allegations are wholly improper and must be corrected before this Court.

Tellingly, Wigdor LLP misleadingly cites the Gershenoff Declaration to support the false statements above, yet the Declaration does no such thing. In fact, the Declaration does not include references to any of the statements Wigdor LLP falsely accuses Mr. Carlinsky of having made. Nowhere in the Declaration does Mr. Gershenoff represent that Mr. Carlinsky stated he had "no information connecting Ms. Ganieva to any purported 'Funder,'" nor does the Declaration say anything about Mr. Carlinsky asking Wigdor LLP to "provide information against its own client." It is clear why the Declaration omits the false statements contained in the brief: they never happened. Viewed in context, Mr. Gershenoff's critical omissions from his Declaration demonstrate that he knew that he could not attest to the false statements put forth in the Reply brief.

Because the statements attributable to Mr. Carlinsky are false and contain no support in the Gershenoff Declaration despite their misleading citation thereto, Mr. Black respectfully requests that the Court decline to give them any weight when ruling upon Wigdor LLP's Rule 11 motion.

Thank you for your attention to this matter.

Respectfully submitted,

 */s/ John B. Quinn*

 John B. Quinn

cc:     All parties via ECF