

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**MAX GERSHENOFF**
PARTNER
(516) 357-3444
max.gershenoff@rivkin.com

February 10, 2022

<u>**VIA ECF**</u>

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

      Re:   <u>*Black v. Ganieva, et al.*</u>, S.D.N.Y. Case No. 1:21-cv-08824

Dear Judge Engelmayer:

      We represent Defendant Wigdor LLP ("Wigdor"). Without obtaining leave from the Court, Plaintiff Leon Black -- together with his current and former counsel in this case, Susan Estrich and John Quinn -- has filed a sur-reply in further opposition to Wigdor's pending motion for Rule 11 sanctions. <u>See</u> ECF No. 66. To the extent that the Court considers the sur-reply, we respectfully request that the Court also consider this brief response.

      First, and contrary to the contentions in Mr. Black's sur-reply, Wigdor's Rule 11 motion does not "improperly rely upon a description … of a January 23 conversation between counsel that was meant to resolve the parties' dispute … ." Rather, it was Mr. Black and his counsel who misrepresented the substance of the conversation in their opposition to Wigdor's Rule 11 motion, by falsely suggesting that -- during the conversation -- Wigdor informed Black that it would maintain its sanctions motion even if Mr. Black withdrew his RICO claims against Wigdor. <u>See</u> ECF No. 49, p. 2. In actuality, and as Wigdor pointed out on reply, during the January 23rd call Mr. Black's counsel advised that he would <u>not</u> dismiss the RICO claims against Wigdor with prejudice, but suggested that could change if Wigdor would agree to provide information that might implicate Defendant Josh Harris and, given the nature of Mr. Black's claims in this case, Wigdor's own client, Defendant Guzel Ganieva, in wrongdoing. (Mr. Black's most recent, shifting claims in this case are based on conclusory allegations that Mr. Harris and Ms. Ganieva are engaged in a racketeering conspiracy together, and that Mr. Harris is funding Ms. Ganieva's first-filed state court case against Mr. Black). Under these circumstances, it was appropriate for Wigdor to clarify the record by recounting what <u>actually</u> occurred during the January 23rd call.

      Second, and notwithstanding the contentions in Mr. Black's sur-reply, it is clear that:

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777



Honorable Paul A. Engelmayer
February 10, 2022
Page 2

(i) Mr. Black and his counsel asserted scandalous, legally defective, and fact-free "RICO" claims against Ms. Ganieva and Wigdor -- their adversary and her counsel in a first-filed, currently-pending state court action -- in an obvious, improper attempt to obtain an advantage in Ms. Ganieva's state court case;

(ii) Mr. Black and his counsel indicated that they would only consider dismissing the RICO claims against Wigdor with prejudice if Wigdor would agree to provide evidence that would implicate Mr. Harris and, by extension, Wigdor's own client, Ms. Ganieva, in wrongdoing -- evidence they should have had in hand before asserting baseless and conclusory racketeering claims against their adversary and her counsel in a first-filed state court case;

(iii) Rather than replead the "RICO" claims against Wigdor with any actual supporting facts, Mr. Black and his counsel subsequently withdrew the RICO claims against Wigdor, without explanation, in the face of Wigdor's motion to dismiss; and

(iv) Mr. Black and his counsel offered no evidence to support their "RICO" claims against Wigdor in opposition to Wigdor's Rule 11 motion, and instead weakly contended that they dropped the RICO claims against Wigdor due to "the recent motion practice [e.g., Wigdor's motion to dismiss and sanctions motion] and the complexity associated with asserting RICO claims against law firm defendants". See ECF No. 49, p. 2.

With that in mind, not only the January 23rd discussion, but Black and his counsel's conduct throughout this litigation, constitute an acknowledgement that they never had any evidence to support their sanctionable racketeering claims against Wigdor and Ms. Ganieva.

We appreciate the Court's attention to this matter.

Respectfully submitted,

RIVKIN RADLER LLP

/s/ Max Gershenoff
Max Gershenoff

cc: All counsel via ECF.