

www.estrichgoldin.com

February 9, 2022

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   *Black v. Ganieva, et al.*, No. 1:21-cv-08824 (PAE)

Dear Judge Engelmayer:

I write on behalf of Plaintiff Leon Black in opposition to the request from Defendants Wigdor LLP ("Wigdor") and Guzel Ganieva ("Ms. Ganieva") (ECF No. 59) to adjourn further the initial conference in this action, currently scheduled for February 22, 2022.

Plaintiff does not object to Wigdor's and Ms. Ganieva's request for additional time to respond to the Amended Complaint, and would also consent to the other defendants responding on the same schedule. Plaintiff does object, however, to their request to postpone the initial conference—and, consequently, all discovery—until both that response and the responses of their codefendants are filed.

This action was filed more than three months ago, on October 28, 2021, and Wigdor and Ms. Ganieva were served on November 2, 2021. *See* ECF Nos. 14-15. The Court has already postponed the initial conference once in response to their request for an extension of time to respond to the initial complaint, *see* ECF No. 17, and again after the parties made a joint request because of the amended complaint, *see* ECF No. 35. We respectfully submit that it would be inappropriate to postpone the conference— and delay all discovery, at substantial prejudice to Plaintiff—a third time.

Federal Rule of Civil Procedure states that, unless there is "good cause for delay" (and there is none here), a scheduling order should be issued "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). That date was January 2, 2022. *See* ECF No. 11 (Wigdor notice of appearance dated November 3, 2021); *see also* ECF

1

Nos. 14-15 (Wigdor and Ms. Ganieva served on November 3, 2021). Plaintiff appreciates the Court's reasons for postponing the conference at which a scheduling order would be issued until February 22 (including because of Plaintiff's own amended complaint), but he does not believe it should be postponed again.

Indeed, because this is a RICO case, it is particularly important for discovery to proceed without delay. *See New England Data Services, Inc. v. Becher*, 829 F.2d 286, 290-91 (1st Cir. 1987) ("it seems more likely that the facts would be peculiarly within the defendants' control in the context of RICO mail and wire fraud . . . Discovery is warranted to a greater extent."); *e.g.*, *State Wide Photocopy, Corp. v. Tokai Fin. Servs., Inc.*, 909 F. Supp. 137, 141-42 (S.D.N.Y. 1995) (denying motion to dismiss where "certain information is, understandably, beyond the pre-discovery knowledge of plaintiff"); *Dornberger v. Metro. Life Ins. Co.*, 961 F. Supp. 506 (S.D.N.Y. 1997) ("Plaintiff cannot be expected to plead the precise details of every Defendant's role in the scheme, for such information is peculiarly within Defendants' knowledge.").

Although Wigdor and Ms. Ganieva cite Plaintiff's January 13, 2022 letter stating that the conference should be postponed until after "Defendants' responses to th[e] [amended] pleading," ECF No. 35, they have neglected to point out that this statement was made on the express understanding that "Defendants will respond on or before February 18, 2022," *id.* It is Wigdor's and Ms. Ganieva's requests for yet another extension, beyond the time ordered by the Court, ECF No. 32, that may now make it impractical to have their response before the conference. Similarly, although Wigdor and Ms. Ganieva suggest that this letter somehow shows that they should not have to join a conference or be subject to any discovery request until after *all* "Defendants' responses to th[e] pleading" have been filed, they fail to say that the letter made clear precisely which Defendants it was discussing—"Defendants Wigdor LLP and Guzel Ganieva"— *not* all defendants. It might be preferable for counsel for Defendants Harris and Rubinstein to participate in the conference too, and they are free to do so, but their position provides no reason for Wigdor and Ms. Ganieva to further delay this case.[1] The claims against them have been pending for months and discovery should proceed.

---

[1] Defendant Harris has retained Davis Polk, who has approached Plaintiff's counsel to discuss his response to the Amended Complaint. Plaintiff will endeavor to reach agreement with Mr. Harris on the timing of that response. Defendant Rubinstein is in the process of being served and, we understand, retaining counsel. In any event, we anticipate service on Mr. Rubinstein to occur well in advance of the initial conference on February 22, 2022.

Thank you for your attention to this matter, and we are available to answer any questions.

Respectfully submitted,

*/s/ Susan Estrich*

Susan Estrich
Counsel for Plaintiff


Cc: All Counsel of Record (by ECF)

---

Estrich Goldin LLP
susan@estrichgoldin.com
www.estrichgoldin.com


    The Court denies the request to adjourn the initial telephonic pretrial conference, which the Court views as productive to hold now. The Court directs plaintiff's counsel to serve defendants Harris and Rubinstein well in advance of the conference, to assure their participation.

    The Court grants the request to extend defendants Wigdor's and Ganieva's time to respond to the Amended Complaint until March 4, 2022. At the initial pretrial conference, the Court will take up whether to further extend that deadline.

    SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge
February 11, 2022