

**MAX GERSHENOFF**
PARTNER
(516) 357-3444
max.gershenoff@rivkin.com

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

February 22, 2022

**VIA ECF**

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

      Re:   *Black v. Ganieva, et al.*, S.D.N.Y. Case No. 1:21-cv-08824

Dear Judge Engelmayer:

      I write on behalf of Defendant Wigdor LLP, jointly with counsel for Plaintiff Leon Black and Defendants Guzel Ganieva, Joshua Harris, and Steven Rubenstein, pursuant to the Court's January 14, 2022 Order (ECF No. 39) and Rule 2(B) of the Court's Individual Rules and Practices to provide a description of the case and its status in advance of the telephonic conference scheduled for February 25, 2022.

### I.    DESCRIPTION OF THE CASE

      Mr. Black's Amended Complaint (ECF No. 46) brings claims against Ms. Ganieva, Mr. Harris, and Mr. Rubenstein for civil RICO and civil RICO conspiracy, asserting predicate acts of extortion in violation of the Hobbs Act and mail and wire fraud. Mr. Black also brings a claim for defamation *per se* against all Defendants, and claims for breach of contract and unjust enrichment against Ms. Ganieva. Mr. Black alleges that his claims arise out of a conspiracy and enterprise by Defendants to take down Mr. Black, first through an attempted coup by Mr. Harris to become the CEO of the firm Mr. Black founded, and then, when that failed, an effort to retaliate against, destroy, and extort from Mr. Black through fabricated state court litigation filed by Ms. Ganieva.

      All Defendants expect to move to dismiss the claims in the Amended Complaint, which -- among other things -- is the latest sanctionable attempt by Mr. Black to retaliate against Ms. Ganieva and her counsel, Wigdor, after Ms. Ganeiva sued Mr. Black for sexual assault and defamation in a first-filed, state court lawsuit. In fact, Wigdor has a pending motion for sanctions against Mr. Black and his counsel based on the claims in Mr. Black's initial Complaint (ECF No.

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

**Error! Unknown document property name.**

33), and, along with the other Defendants, reserves its right to seek appropriate sanctions based on the claims in the Amended Complaint, as well. Mr. Black would oppose any such request, which he submits would itself be frivolous, and would seek his costs of doing so.

## II.     CONTEMPLATED MOTIONS

### *i.     Plaintiff's Position.*

Mr. Black does not presently intend to file motions in the immediate future. However, depending on how the case proceeds, Mr. Black will file motions as and when appropriate, including, *inter alia*, motions to compel discovery, motions for summary judgment, *Daubert* motions, motions *in limine*, and/or motions for appropriate sanctions against Defendants.

### *ii.     Defendants' Position.*

As noted above, Defendants expect to move to dismiss the claims against them in the Amended Complaint.[1] Defendants also reserve their rights to seek appropriate sanctions based on the claims in the Amended Complaint. To the extent that the Court does not otherwise stay discovery, Defendants also expect to file a motion(s) to stay discovery in this action until their anticipated motions to dismiss Plaintiff's Amended Complaint are adjudicated.

## III.    PROSPECT FOR SETTLEMENT

The parties do not currently believe that there is a reasonable opportunity for settlement at this stage.

## IV.    DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS

### *i.     Plaintiff's Position.*

There is no reason to depart from the standard rule in federal court that a motion to dismiss does not stay discovery. *See In re Currency Conversion Fee Antitrust Litig.*, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) ("[I]mposition of a stay is not appropriate simply on the basis that a motion to dismiss has been filed, as the Federal Rules make no such provision."); *Bookends & Beginnings LLC v. Amazon.com, Inc.*, 2021 WL 5450236, at *2 (S.D.N.Y. Nov. 19, 2021) (noting that "the issuance of a stay of discovery pending the outcome of a motion to dismiss is by no means automatic," and a stay should only be granted if the moving party meets its "burden of showing good cause"); *Weber v. McCormick*, 2007 WL 9754633, at *2 (D. Conn. Apr. 24, 2007) (denying motion to stay discovery pending a motion to dismiss a civil RICO complaint, noting that "a stay of all discovery … would effectively impede the just and speedy administration of the progress of this lawsuit, and "[t]he fact that … a potentially dispositive motion to dismiss" was filed "does not in and of itself give rise to justification to warrant a stay"). Discovery should therefore proceed while motions to dismiss are briefed and considered. There is no reason why discovery cannot

---

[1] Plaintiff has consented to extend Mr. Harris's deadline to respond to the Amended Complaint from March 3, 2022 to March 4, 2022 in order to align the briefing schedules of all defendants. Mr. Harris has not previously sought an extension of this deadline.

proceed expeditiously, especially since some of Defendants' relevant documents should have already been collected for discovery in the state court action.[2] Moreover, pausing discovery while Mr. Black responds to, and the Court considers, Defendants' motions (which are again expected to be lengthy and to involve complex issues) would cause unnecessary and undue delay to these proceedings. Plaintiff also does not believe there is any need to take the unusual and unorthodox step of further briefing this issue—an obvious attempt by Defendants to obtain a de facto discovery delay while that briefing takes place. Attached as Exhibit 1 is the parties' Proposed Civil Case Management Plan and Scheduling Order setting forth the case deadlines the respective parties believe are appropriate.

      *ii.     Defendants' Position.*

Discovery in this action should not proceed until Defendants' anticipated motions to dismiss the Amended Complaint are adjudicated. There is good cause for Defendants' position: It is clear from the record in this case that Plaintiff commenced this "RICO" and "defamation" action in an improper attempt to interfere with Wigdor's ability to represent Ms. Ganieva in her first-filed state court action against Mr. Black, and to deflect negative attention away from himself and toward Mr. Harris, his former business partner. Plaintiff alleges no credible facts to support his scandalous and conclusory racketeering and defamation claims, which -- it bears emphasizing -- are asserted against, among others, his adversary and opposing counsel in a first-filed state court action, and do not contain a single well-pleaded allegation establishing a connection between Ms. Ganieva and Mr. Harris or Mr. Rubenstein. Rather, Plaintiff's apparent goal is to try and conduct a post-hoc search for some "evidence" to support his baseless claims, before Defendants file motions to dismiss that will reveal the claims to be meritless. Defendants are prepared to move to dismiss expeditiously, and contrary to Plaintiff's assertions, such motions will be concise and straightforward given the Amended Complaint's multiple obvious pleading deficiencies. Plaintiff will suffer no prejudice from a stay of discovery while these motions are pending. Courts have broad "discretion to stay discovery 'for good cause,'" Boelter v. Hearst Communs., Inc., 2016 U.S. Dist. LEXIS 12322 (S.D.N.Y. 2016), and courts in this District, including this Court, routinely stay discovery pending resolution of a motion to dismiss where, as here, "Plaintiffs' claims [are] in at least some doubt pending the resolution of the motions to dismiss, discovery is likely to be broad, and the imposition of a stay would not unfairly prejudice the Plaintiffs." Campanelli v. Flagstar Bancorp, Inc., 2019 U.S. Dist. LEXIS 211740 at * 2 - * 3 (S.D.N.Y. 2019) (Engelmayer, J.) (staying discovery pending disposition of a motion to dismiss). Indeed, a stay of discovery is particularly appropriate in cases like this one that involve threadbare RICO claims. See Major, Lindsey & Afr., LLC v. Mahn, 2010 U.S. Dist. LEXIS 94033, at *18 (S.D.N.Y. Sept. 7, 2010) (describing court's "unvarying practice" of staying discovery in RICO cases until the motions to dismiss are decided given the court's "ample experience with the assertion of bogus RICO claims").

---

[2] Wigdor has refused outright to produce documents or sit for a deposition in the state court action, and has taken the position that the discovery sought from Wigdor there "relat[es] to [the] Federal Action," not the state court case. For their part, Wigdor and Ms. Ganieva note that Plaintiff does not specify to the Court the nature of the discovery he seeks from Wigdor in Ms. Ganieva's first-filed state court lawsuit, nor has he explained why he would be entitled to the unidentified discovery in this case or in the state court action. Defendants look forward to addressing these issues in greater length at the initial conference.

To the extent that the Court is inclined to consider permitting discovery to proceed during the pendency of the motions to dismiss, Defendants respectfully request permission to submit formal briefing on the issue.

We appreciate the Court's attention to this matter.

                Respectfully submitted,

                RIVKIN RADLER LLP

                /s/ Max Gershenoff
                Max Gershenoff

cc:    All counsel via ECF.