

ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**MAX GERSHENOFF**
PARTNER
(516) 357-3444
max.gershenoff@rivkin.com

March 15, 2022

**VIA ECF**

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

     Re:   *Black v. Ganieva, et al.*, S.D.N.Y. Case No. 1:21-cv-08824

Dear Judge Engelmayer:

    We represent Defendant Wigdor LLP ("Wigdor"). With the Court's permission, we respectfully submit this brief response to the most recent sur-reply filed by Plaintiff Leon Black ("Black") and his counsel in further opposition to Wigdor's motion for Rule 11 sanctions. See ECF No. 92. If anything, the sur-reply underscores why Rule 11 sanctions are warranted.

    As set forth in Wigdor's Rule 11 motion -- and, significantly, in the "safe harbor" letter that preceded it (see ECF No. 56-1) -- Black and his counsel asserted baseless and conclusory "RICO" claims against Defendant Guzel Ganieva and Wigdor, their adversary and her counsel in a first-filed, currently-pending state court action, in an obvious, improper attempt to interfere with Wigdor's representation of Ms. Ganieva in the state court case. As explained in Wigdor's Rule 11 motion (and in the safe harbor letter), the RICO claims were fundamentally defective for multiple, independent reasons (both legal and factual), to the point where Mr. Black and his counsel failed to plausibly allege any of the elements of the claims. See ECF Nos. 56-2, 30, 46. Thereafter, Mr. Black and his counsel explicitly refused to withdraw the RICO claims within the safe harbor period, and forced Wigdor to incur the expense of an unnecessary motion to dismiss. It was only then that Mr. Black and his counsel belatedly amended their Complaint to withdraw the scurrilous RICO claims against Wigdor. See ECF Nos. 56-2, 30, 46.

    Now, Black and his counsel proffer shifting "explanations" for their conduct. Previously, Black and his counsel contended that they dropped the RICO claims against Wigdor due to "the recent motion practice [e.g., Wigdor's motion to dismiss and sanctions motion] and the complexity associated with asserting RICO claims against law firm defendants". See ECF No. 49, p. 2. Here, in their latest sur-reply (and also during the March 10, 2022 initial conference in this case), Black and his counsel contend that: (i) they supposedly dropped the RICO claims based on Wigdor's contention

66 South Pearl Street, 11th Floor    25 Main Street    477 Madison Avenue    2649 South Road
Albany, NY 12207-1533    Court Plaza North, Suite 501    New York, NY 10022-5843    Poughkeepsie, NY 12601-6843
T 518.462.3000 F 518.462.4199    Hackensack, NJ 07601-7082    T 212.455.9555 F 212.687.9044    T 845.473.8100 F 845.473.8777
    T 201.287.2460 F 201.489.0495

that it did not represent Ms. Ganieva at the time of the supposed "racketeering activity"; but (ii) newly-discovered text messages between Ms. Ganieva and a reporter supposedly demonstrate that Wigdor was in contact with Ms. Ganieva, and spoke with the reporter about Ms. Ganieva, before Ms. Ganieva retained Wigdor, during the period when the supposed "racketeering activity" occurred; and therefore (iii) somehow this demonstrates that their RICO claims against Wigdor had merit, and excuses their sanctionable behavior. See ECF Nos. 92, 95-1, 95-2, 95-3, 95-4, 95-5, 95-6.

However, these continuously-evolving "explanations" -- including their contrived arguments regarding the text messages -- are simply not credible. For instance, Black and his counsel argue that the text messages, from October and November 2020, somehow contravene Wigdor's contention that it did not represent Ms. Ganieva in March 2021, when she sent some supposedly-defamatory Tweets. However, nothing in the text messages actually reflects that Wigdor represented Ms. Ganieva in October-November 2020, March 2021, or at any time prior to April 9, 2021, when Ms. Ganieva actually retained Wigdor *on a full contingency*. Instead, the texts simply indicate that a New York Times reporter, who was doing a story on Mr. Black, pursued Ms. Ganieva and Wigdor for comment but -- because Ms. Ganieva was a prospective client at the time -- Wigdor would not speak with the reporter until Ms. Ganieva agreed.

Significantly, these text messages do not demonstrate, or even suggest, that Wigdor was engaged in any racketeering activity in a conspiracy with Ms. Ganieva, any "Funder", or any "Flacks" -- as Black and his counsel alleged in their baseless, defective, and retaliatory RICO claims against opposing counsel. In fact, even if Wigdor (among other lawyers) did speak with Ms. Ganieva several months before Ms. Ganieva actually retained Wigdor as her counsel, and even if Wigdor did speak with a reporter about Ms. Ganieva, so what? How is that racketeering activity? Why would that give rise to any plausible RICO claims (or any claims) against Wigdor? How does that remedy Black and his counsel's failure to plausibly allege any of the elements of their RICO claims? Unsurprisingly, Black and his counsel do not say.

Once again, Black and his counsel fail to provide any sufficient explanation as to why they failed to withdraw the RICO claims within the safe harbor period. During the initial conference in this case, Black's counsel -- Ms. Estrich -- simply stated that "it took that time to reach [the] conclusion" that the RICO claims should be withdrawn. See Transcript from March 10, 2022 Initial Conference, at p. 80. Of course, this elides the fact that, after receiving the safe harbor letter and, indeed, as the safe harbor period was expiring, Black and his counsel sent a January 4, 2022 letter in which they explicitly refused to withdraw the RICO claims, and thereby forced Wigdor to pay for a totally unnecessary motion to dismiss. See ECF Nos. 56-1, 56-2. Against this backdrop, Plaintiff's newly-minted sur-reply arguments are as frivolous as their RICO claims, and sanctions are warranted.

We appreciate the Court's attention to this matter.

Respectfully submitted,

RIVKIN RADLER LLP

*/s/ Max Gershenoff*

Max Gershenoff

cc:     All counsel via ECF.