**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Leon D. Black,

Plaintiff,

- against -

Guzel Ganieva, Wigdor LLP, Joshua Harris,
and Steven Rubenstein

Defendants.

No. 1:21-cv-08824-PAE

Hon. Paul A. Engelmayer

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**<u>MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT</u>**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. iii

ARGUMENT ..................................................................................................................... 1

    A.   Leave to Amend is Freely Given ................................................................... 1

    B.   Defendants Cannot Demonstrate Prejudice, Undue Delay, or Bad Faith ........... 2

    C.   Plaintiff's Proposed Amendment is Not Futile ............................................... 5

CONCLUSION .................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Alan Guttmacher Inst. v. McPherson*,
  616 F. Supp. 195 (S.D.N.Y. 1985), *aff'd*, 805 F.2d 1088 (2d Cir. 1986) .......................... 2

*Anderson v. Davis Polk & Wardwell LLP*,
  850 F. Supp. 2d 392 (S.D.N.Y. 2012) ................................................................... 3

*A.V.E.L.A., Inc. v. Estate of Monroe*,
  34 F. Supp. 3d 311 (S.D.N.Y. 2014) ..................................................................... 2

*Baker v. Bensalz Prods., Inc.*,
  2021 WL 4267594 (S.D.N.Y. Sept. 20, 2021) ......................................................... 3, 4

*Block v. First Blood Assocs.*,
  988 F.2d 344 (2d Cir. 1993) ............................................................................. 2, 4

*Bush v. Horn*,
  2009 WL 362513 (S.D.N.Y. Feb. 13, 2009) .............................................................. 6

*Duling v. Gristede's Operating Corp.*,
  265 F.R.D. 91 (S.D.N.Y. 2010) ........................................................................... 2

*Foman v. Davis*,
  371 U.S. 178 (1962) ....................................................................................... 1

*Frenkel v. N.Y.C. Off-Track Betting Corp.*,
  611 F. Supp. 2d 391 (S.D.N.Y. 2009) .................................................................... 2

*Friedl v. City of New York*,
  210 F.3d 79 (2d Cir. 2000) ............................................................................... 2

*Gallegos v. Brandeis Sch.*,
  189 F.R.D. 256 (E.D.N.Y. 1999) ......................................................................... 5

*Infinity Headwear & Apparel, LLC v. Jay Franco & Sons, Inc.*,
  2016 WL 5372843 (S.D.N.Y. Sept. 26, 2016) ........................................................... 4

*Intersource, Inc. v. Kidder Peabody & Co.*,
  1992 WL 369918 (S.D.N.Y. Nov. 20, 1992) ............................................................. 5

*Investors Funding Corp. of N.Y. Sec. Litig., In re*,
  100 F.R.D. 64 (S.D.N.Y. 1983) .......................................................................... 1

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
    797 F.3d 160 (2d Cir. 2015)............................................................................................. 1

*Martell Strategic Funding LLC v. Am. Hospitality Acad.*,
    2017 WL 2937649 (S.D.N.Y. July 10, 2017) .................................................................... 4

*Panther Partners Inc. v. Ikanos Commc'ns, Inc.*,
    681 F.3d 114 (2d Cir. 2012)............................................................................................. 5

*Pasternack v. Shrader*,
    863 F.3d 162 (2d Cir. 2017)............................................................................................. 2

*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
    303 U.S. 283 (1938)......................................................................................................... 3

*Sumitomo Elec. Res. Triangle, Inc. v. Corning Glass Works*,
    109 F.R.D. 627 (S.D.N.Y. 1986) ..................................................................................... 5

**RULE**

Fed. R. Civ. P. 15(a)(2)............................................................................................................. 1

iv

Plaintiff Leon D. Black ("Black") hereby seeks leave of the Court to amend his complaint in the above-captioned action pursuant to Federal Rule of Civil Procedure 15(a)(2). A copy of the Proposed Second Amended Complaint is attached to the Declaration accompanying the Notice of Motion as Exhibit A, and a redline version of the Second Amended Complaint showing proposed changes from the Amended Complaint is attached as Exhibit B. Plaintiff seeks leave to file the Second Amended Complaint in order to:

1.    Develop and clarify the nature and history of the Enterprise and the RICO predicates committed by each member of the Enterprise;

2.    Add additional facts, including facts discovered after Plaintiff filed the Amended Complaint;

3.    Make other additions and revisions to the Amended Complaint as deemed advisable and appropriate by Plaintiff's newly-retained counsel.

## ARGUMENT

### A.    Leave to Amend is Freely Given

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (holding that a "permissive standard" under "Rule 15 is consistent with our strong preference for resolving disputes on the merits") (internal quotation marks omitted). This rule embodies an "extremely liberal standard" favoring leave to amend, *In re Investors Funding Corp. of N.Y. Sec. Litig.*, 100 F.R.D. 64, 65 (S.D.N.Y. 1983), which can only be defeated by a showing by the nonmovant of factors "such as undue delay, bad faith or dilatory motive on the part of the movant." *Foman*, 371 U.S. at 182.

1

Stated differently, a court may deny leave to amend only when "there is a substantial reason to do so." *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000).

Defendants cannot demonstrate any prejudice, bad faith, or undue delay, nor can they demonstrate that the proposed amendment is futile.

## B.    Defendants Cannot Demonstrate Prejudice, Undue Delay, or Bad Faith

"The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017). Prejudice to the opposing party is arguably "the most important reason for denying a motion to amend." *A.V.E.L.A., Inc. v. Estate of Monroe*, 34 F. Supp. 3d 311, 317 (S.D.N.Y. 2014) (quoting *Frenkel v. N.Y.C. Off-Track Betting Corp.*, 611 F. Supp. 2d 391, 394 (S.D.N.Y. 2009)). The Second Circuit has held that, "[i]n determining what constitutes 'prejudice,' [the court should] consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute[.]" *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). In determining whether parties have been unduly prejudiced by a proposed amendment, "[c]ourts also consider the extent to which the new claims are related to the existing ones and whether a party has had prior notice of a proposed new claim." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 99 (S.D.N.Y. 2010).

Defendants will suffer minimal prejudice if the Court grants leave to file the Proposed Second Amended Complaint. Discovery has not yet commenced and the resources expended on this case so far have been negligible. *See, e.g.*, *Alan Guttmacher Inst. v. McPherson*, 616 F. Supp. 195, 210 (S.D.N.Y. 1985) ("Because the case remains . . . at a pre-discovery stage, I cannot see either delay or purported prejudice to the [defendant] as justifying . . . a denial [of leave to amend].", *aff'd*, 805 F.2d 1088 (2d Cir. 1986). The only prejudice Defendants face would be the

expense of filing an answer or a new round of motions to dismiss.  But "mere allegations of additional time, effort, or resources to respond to a newly amended complaint typically do not amount to the kind of 'substantial prejudice' that warrants denying a motion for leave to amend." *Baker v. Bensalz Prods., Inc.*, 2021 WL 4267594, at *2 (S.D.N.Y. Sept. 20, 2021).  The new claims and factual allegations of the Proposed Second Amended Complaint are all closely related to those alleged in the Amended Complaint.  Accordingly, the proposed amendment will not put Defendants at risk of significant added expenses or impose an added burden of a complicated and lengthy trial.  At this early stage in the litigation, any prejudice Defendants would face would be minimal and cannot overcome the prejudice Plaintiff would suffer if he is denied an opportunity to amend his complaint.

Plaintiff is not acting in bad faith.  Plaintiff retained new counsel who filed a notice of appearance approximately one month ago.  New counsel wishes to raise all possible factual and legal claims available to Plaintiff in the Proposed Second Amended Complaint.  *See id.* ("[T]he Court agrees with the Plaintiffs that the precise circumstances of this litigation—and in particular, the fact that new counsel entered an appearance and wishes the opportunity to raise all relevant factual and legal claims in the [amended complaint]—warrant granting the motion [for leave to amend].").  Nor can Defendants claim that Plaintiff has engaged in any behavior that would come near to constituting bad faith warranting denial of leave to amend.  *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293-94 (1938) (denying leave to amend on grounds of bad faith where plaintiff attempted by amendment to destroy the federal court's removal jurisdiction over the case so that the case would be remanded); *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 415 (S.D.N.Y. 2012) (denying leave to amend on grounds of bad faith

where the amended complaint "singled out . . . both individual defendants and non parties, as targets for attacks that [were] . . . based on rumor [and] unrelated to any conceivable claim").

Furthermore, Plaintiff has discovered new information since filing the Amended Complaint.  This new information includes the fact that Guzel Ganieva was working with Wigdor LLP as early as October 2020, as well as details of Steven Rubenstein's relationship with Apollo Global Management, Inc. ("Apollo").  Plaintiff has also learned that Joshua Harris met with Marc Rowan to discuss forcing Black out of Apollo prior to the release of the Dechert report.  Plaintiff has diligently moved to amend to include these newly discovered facts in the Proposed Second Amended Complaint.  *See Martell Strategic Funding LLC v. Am. Hospitality Acad.*, 2017 WL 2937649, at *2 (S.D.N.Y. July 10, 2017) ("[C]ourts commonly find that a party acts diligently if it seeks leave to amend within approximately two months of acquiring information of a new claim or defense."); *see also Infinity Headwear & Apparel, LLC v. Jay Franco & Sons, Inc.*, 2016 WL 5372843, at *5-6 (S.D.N.Y. Sept. 26, 2016) (granting leave to amend where plaintiff demonstrated diligence and sought leave within two months of learning of the facts underlying the claim).

Likewise, Defendants cannot show that Plaintiff has engaged in undue delay or dilatory tactics in litigating this case.  Plaintiff is seeking leave to amend his complaint less than three months after filing his Amended Complaint.  That short period of time is not sufficient to raise an inference of undue delay.  *See*, *e.g.*, *Baker*, 2021 WL 4267594, at *2 ("[W]hile [a] three-month delay is not *de minimis*, nor is it sufficient to raise an inference of bad faith or unjustified dilatory actions.").  Even were the Court to find that the two month span between the filing of the Amended Complaint and the Proposed Second Amended Complaint constitutes an undue delay, "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  *Block*, 988 F.2d at 350.

4

Because Defendants cannot show prejudice, undue delay or bad faith, the motion for leave to amend should be granted.

**C.      Plaintiff's Proposed Amendment is Not Futile**

In the absence of undue delay, bad faith, or undue prejudice, "the Second Circuit repeatedly has held that if the party moving for leave to amend its pleading 'has at least colorable grounds for relief, justice . . . require[s]' " permitting the amendment. *Intersource, Inc. v. Kidder Peabody & Co.*, 1992 WL 369918, at *2 (S.D.N.Y. Nov. 20, 1992).  For purposes of determining whether an amendment would be futile, a court will consider "the proposed amendment[s] . . . along with the remainder of the complaint, . . . accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) (alterations in original).  While courts have discretion to deny a motion for leave to amend if the proposed amendment would be futile, "[c]ourts should exercise caution . . . in labeling a claim 'futile.' " *Gallegos v. Brandeis Sch.*, 189 F.R.D. 256, 258 (E.D.N.Y. 1999). "A proposed claim may be labeled futile only where it is clearly frivolous or legally insufficient on its face." *Id.* at 259.  "If the proposed claim sets forth facts and circumstances which may entitle the plaintiff to relief, then futility is not a proper basis on which to deny the amendment." *Id.*

Defendants cannot establish futility.  Plaintiff has strong claims against all four Defendants as set forth in the Amended Complaint and the Proposed Second Amended Complaint.  Defendants cannot show—as demonstrated by the arguments set forth in Plaintiff's Opposition to Defendants' Motions to Dismiss, Dkt. 101—that Plaintiff's claims are frivolous or legally insufficient on their face. *See Sumitomo Elec. Res. Triangle, Inc. v. Corning Glass Works*, 109 F.R.D. 627, 628 (S.D.N.Y. 1986) ("[O]n a motion for leave to amend, the court need not finally determine the merits of a proposed claim or defense, but merely satisfy itself that it is colorable and not

frivolous."); *see also Bush v. Horn*, 2009 WL 362513, at *1 (S.D.N.Y. Feb. 13, 2009) ("The futility of an amendment is assessed under the standard for a Rule 12(b)(6) motion to dismiss."). The Proposed Second Amended Complaint puts forth an even stronger set of facts that cannot properly be dismissed for failure to state a claim and certainly cannot be dismissed as frivolous or legally insufficient on its face. Therefore, futility is not a proper basis for denying the amendment.

## CONCLUSION

For the foregoing reasons, the motion for leave to amend the complaint should be granted.

Dated: April 18, 2022

Respectfully submitted,

/s/ Susan R. Estrich

| | |
|---|---|
| Reid M. Figel | Susan R. Estrich |
| Michael K. Kellogg | Estrich Goldin LLP |
| Kellogg, Hansen, Todd, Figel | 947 Berkeley St. |
| & Frederick, P.L.L.C. | Santa Monica, CA 90403 |
| 1615 M Street, N.W., Suite 400 | (213) 399-2132 |
| Washington, D.C. 20036 | susan@estrichgoldin.com |
| (202) 326-7900 | |
| rfigel@kellogghansen.com | |
| mkellogg@kellogghansen.com | |

*Attorneys for Plaintiff Leon D. Black*