**Davis Polk**

Paul Spagnoletti
+1 212 450 4577
paul.spagnoletti@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

April 22, 2022

Re: *Black v. Ganieva, et al.*, S.D.N.Y. Case No. 1:21-cv-08824

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

Dear Judge Engelmayer:

Counsel for defendants in the above-captioned matter write jointly in response to Your Honor's Order dated April 19, 2022 (ECF No. 106), which inquired as to (i) whether counsel for plaintiff Leon Black met and conferred with counsel for defendants before filing the Motion for Leave to File a Second Amended Complaint (the "Motion to Amend") (*see* ECF Nos. 103-105), and (ii) defendants' position(s) on that Motion. For the reasons explained more fully below, defendants do not consent to the proposed amended pleading, which does not cure the many fatal defects in Mr. Black's operative complaint—and instead appears to have been filed in order to trigger a needless round of additional briefing—so that Mr. Black will have more time and opportunity to continue to misuse this action as a platform to spread false, scandalous allegations designed to damage defendants' reputations, and deflect attention away from Mr. Black's own headlines.

Although counsel for the parties had a teleconference on April 8, 2022, to discuss Mr. Black's proposed Second Amended Complaint, that meet and confer was not meaningful or productive because Mr. Black's counsel refused—despite multiple requests by defendants—to provide defendants with a copy of the proposed amended pleading. Defendants informed Mr. Black's counsel during that teleconference that, without the benefit of the proposed amended pleading, defendants could not take any position on the proposed amendment, including whether the briefing schedule on their pending motions to dismiss should be modified.

Mr. Black initially filed claims in October 2021 against Guzel Ganieva, Wigdor LLP, as well as John Does (ECF No. 1), who were later identified as Josh Harris and Steven Rubenstein (*see* 3/10/2022 Tr. at 49-50). After Wigdor LLP and Ms. Ganieva moved to dismiss the original complaint, the Court ordered Mr. Black to file any Amended Complaint by January 28, 2022, and cautioned that "[n]o further opportunities to amend will ordinarily be granted." (ECF No. 32.) Mr. Black elected to file an Amended Complaint—his amendment as of right under Federal Rule of Civil Procedure 15—and named Messrs. Harris and Rubenstein as defendants. (ECF No. 46.) Thereafter, all defendants moved to dismiss the Amended Complaint. (*See* ECF Nos. 80-89.)

When Mr. Black's counsel raised at the March 10, 2022 preliminary conference the possibility of seeking leave to amend again, the Court reminded counsel of the "amend or oppose" order, and further cautioned counsel that "[i]f you are responding [to the pending motions to dismiss], you are presumably foregoing, then, the decision to seek electively the right to amend." (3/10/22 Tr. at 51.) Mr. Black's counsel nonetheless filed a 63-page opposition brief, which did not explain how Mr. Black proposed to amend the operative pleading (ECF No. 101), *and* filed the Motion to Amend two weeks later in a transparent attempt to prolong this action so that Mr. Black can continue to exploit the federal court system as a public-relations platform.

Defendants will be prejudiced if leave to amend is granted.  As this Court has recognized, RICO claims have "almost inevitable stigmatizing effect on those named as defendants" so "courts should strive to flush out frivolous RICO allegations at an early stage of the litigation."  *Kalimantano GmbH v. Motion in Time, Inc.*, 939 F. Supp. 2d 392, 407 (S.D.N.Y. 2013) (Engelmayer, J.) (internal quotation marks omitted).  It is clear that Mr. Black has crafted wholly meritless RICO claims for the purpose of using the publicity of the litigation to damage defendants' lives and reputations. Permitting the proposed amendment would introduce yet additional scandalous and disparaging allegations into the proceeding, which is inconsistent with the objective of dismissing meritless RICO claims early on in the case.

Defendants would be additionally prejudiced if leave to amend were granted, because defendants' motions to dismiss the Amended Complaint are nearly fully briefed, and defendants stand ready to file their reply briefs in short order.  "It would not be fair to require defendants to start all over with a new complaint containing new allegations."  *Bay Harbour Mgmt., LLC v. Carothers*, 474 F. Supp. 2d 501, 503 (S.D.N.Y. 2007) (denying motion to amend where "motion to dismiss the amended complaint had been fully briefed and defense counsel had prepared for oral argument").

In any event, amendment is futile because the proposed Second Amended Complaint remains facially deficient and fails to address the fundamental defects of the Amended Complaint discussed in defendants' pending motions to dismiss.[1]  The proposed Second Amended Complaint still does not establish, for example, that defendants functioned together as a unit, as required to establish a RICO enterprise, or that defendants engaged in predicate acts.  Nor does it establish any cognizable defamation claim.  The proposed pleading's total lack of merit—coupled with its opportunistic timing—further demonstrates that it is nothing more than a deliberate tactic to stave off dismissal to create yet another opportunity for Mr. Black to smear defendants with invented RICO claims and other claims in service of advancing his own PR agenda.

Meanwhile, there is no good reason for Mr. Black to amend his pleading at this juncture.  That Mr. Black has retained new counsel with a different writing style is not a basis to file a new pleading.  Mr. Black also claims that the proposed Second Amended Complaint includes so-called "new" information that he recently discovered—namely, that Ms. Ganieva was in touch with Wigdor LLP in October 2020; details concerning Mr. Rubenstein's work for Apollo; and that Mr. Harris allegedly discussed forcing Mr. Black out of Apollo prior to the release of the Dechert Report.  (*See* ECF No. 104 at 4.)  But that information is not new.  In Mr. Black's opposition to the motions to dismiss, he has already relied on the allegation that Ms. Ganieva was in touch with Wigdor in October 2020, and the general substance of the two remaining "new" allegations is already included in the operative pleading.[2]

Defendants respectfully submit that the Court should deny the Motion to Amend summarily without requiring defendants to submit further opposition briefing.  If, however, the Court believes full briefing could be helpful in resolving the Motion, defendants respectfully request that the Court defer consideration of, and any briefing on, the Motion to Amend until the Court rules on defendants' pending motions to dismiss.

---

[1] Importantly, Mr. Black has already amended his pleading in response to the arguments raised by Wigdor LLP and Ms. Ganieva in their motions to dismiss the original complaint.  *See Tsinberg v. City of New York*, No. 20 CIV. 749 (PAE), 2021 WL 1146942, at *12 (S.D.N.Y. Mar. 25, 2021) (adopting recommendation to dismiss claims without leave to amend where plaintiff had already amended the pleading in response to defendant's initial motion to dismiss).

[2] Indeed, it was publicly reported over a year ago that Mr. Harris advocated to Mr. Rowan and Mr. Black that Mr. Black should give up his roles at Apollo. Sabrina Willmer, *Leon Black Makes Way for One of His Disciples at Apollo*, Bloomberg (Feb. 5, 2021), *available at* https://www.bloomberg.com/news/articles/2021-02-05/leon-black-makes-way-for-one-of-his-disciples-at-apollo ("Harris advocated that Black should give up his chairman and CEO posts, making the case directly to Black and Rowan, and at least one board member.").

**Davis Polk**

Respectfully yours,

| | |
|---|---|
| **DAVIS POLK & WARDWELL LLP** | **SUSMAN GODFREY L.L.P.** |
| By: */s/ Paul Spagnoletti* | By: */s/ Jacob W. Buchdahl* |
| Paul Spagnoletti | Jacob W. Buchdahl |
| Martine M. Beamon | Mark Musico |
| Matthew Cormack | 1301 Avenue of the Americas, 32nd Floor |
| Lindsay Schare | New York, New York 10019 |
| 450 Lexington Avenue | (212) 336-8330 |
| New York, New York 10017 | |
| (212) 450-4000 | *Attorneys for Defendant Steven Rubenstein* |
| *Attorneys for Defendant Josh Harris* | |
| **RIVKIN RADLER LLP** | **LAW OFFICE OF KEVIN MINTZER, P.C.** |
| By: */s/ Max Gershenoff* | By: */s/ Kevin Mintzer* |
| Max Gershenoff | Kevin Mintzer |
| Janice J. DiGennaro | Laura L. Koistinen (not yet admitted to the SDNY) |
| Yonatan Bernstein | 1350 Broadway, Suite 2220 |
| 926 RXR Plaza | New York, New York 10018 |
| Uniondale, New York 11556 | (646) 843-8180 |
| (516) 357-3000 | |
| | *Attorneys for Defendant Guzel Ganieva* |
| *Attorneys for Defendant Wigdor LLP* | |

cc: All counsel via ECF.

**Electronic Filing**