UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEON D. BLACK,

                                 Plaintiff,

           -v-

GUZEL GANIEVA, ET AL.,

                                 Defendants.

21 Civ. 8824 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received a motion from plaintiff Leon Black to file a second amended complaint. Dkt. 103. The Court denies this motion.

As background, plaintiff filed the first amended complaint on January 24, 2022, Dkt. 46, after having been notified that no further opportunities to amend are ordinarily granted, Dkt. 32. On March 4, 2022, defendants then moved to dismiss the first amended complaint. *See* Dkts. 80, 83, 85, 88. On March 10, 2022, the Court held a status conference, at which it confirmed that the first amended complaint did not name any new defendants, but merely substituted named defendants for "John Doe" defendants. *See* Dkt. 98 at 49–50. And, when plaintiff's counsel indicated that plaintiff might seek leave to file a second amended complaint, the Court specifically admonished counsel that if plaintiff chose to respond to the motions to dismiss, he was foregoing his opportunity to seek leave to amend. *See id.* at 50–51. So apprised, plaintiff filed an opposition to the motion to dismiss. Dkt. 101.

With four days to go before the four defendants' replies were due, plaintiff shifted course—and filed the instant motion, for leave to file a second amended complaint. Dkt. 103.

The Court then solicited, Dkt. 106, and received, Dkt. 107, defendants' response, having stayed defendants' reply deadline pending consideration of the application for leave to amend, Dkt. 106.

For much the same reasons given by defendants, the Court denies plaintiff's motion. Permitting plaintiff to amend anew would reward plaintiff for disregarding the Court's deadlines and admonitions. It would also disrespect the legitimate interests of opposing parties, the Court, and the public in the orderly and efficient progress of this litigation.[1] The Court will therefore resolve the pending motions to dismiss in due course. In the event the Court grants the motion to dismiss, the Court will determine whether and to what extent such dismissal(s) are to be with prejudice.

In recognition of the disruption to defense counsels' schedules created by plaintiff's 11th-hour motion for leave to amend, the Court will give the defense 10 days, until Thursday, May 5, 2022, to file reply briefs. For avoidance of doubt, the Court does not invite and will not accept supplemental briefing by plaintiff in response to defendants' replies.

SO ORDERED.

_Paul A. Engelmayer_
PAUL A. ENGELMAYER
United States District Judge

Dated: April 25, 2022
New York, New York

---

[1] Although not a basis for this ruling, the Court was dismayed by plaintiff's refusal, in seeking defendants' consent to leave to amend, to share the proposed second amended complaint with defense counsel. *See* Dkt. 107 at 1. Plaintiff's refusal to do so prevented defense counsel from making a fully informed judgment on whether to consent to this motion.

2