

www.estrichgoldin.com

April 27, 2022

<u>Via ECF</u>
The Honorable Paul A. Engelmayer
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2201
New York, New York 10007

   Re: *Black v. Ganieva*, *et al.*, No. 1:21-cv-08824-PAE (S.D.N.Y.)

Dear Judge Engelmayer,

We write in response to the Court's denial of our Rule 15 motion, ECF No. 108, which appears to be based in part on misinformation provided by Defendants. We are also troubled by Defendants' claim that we abused this Court's processes by seeking to amend our complaint. To the extent we contributed to this situation by not keeping the Court fully informed about the parties' meet-and-confer, we apologize. But, it was our desire not to countermand the requests of opposing counsel and to avoid unnecessarily burdening the Court with the parties' back-and-forth that led us not to inform the Court of the results of our meet and confer.

We think it would be helpful to provide the relevant background to ensure that the Court has all of the facts and to clear up any confusion generated by Defendants' submission.

At the March 10, 2022 hearing, we advised the Court and Defendants that we were considering filing an amended complaint based on new information which we were receiving in real time. In the context of a discussion about whether discovery should proceed, the Court observed, "[i]f you [i.e., Plaintiff] are responding, you are presumably foregoing, then, the decision to seek electively the right to amend." ECF No. 98, at 51. In response, Plaintiff's counsel stated, "[w]e would like to use that time period in part to decide whether our appropriate response is to oppose the motions to dismiss or whether, in light of the new evidence we have received, which does change certain critical facts, we should seek the Court's permission to amend, even if we don't have an amendment as of right." *Id.* The Court made clear that it understood the situation confronting the parties, stating: "[I]f the complaint may yet even change, if you are proposing to amend, why should you get discovery before all of this is sorted out? We are not only talking about seeking discovery before a motion to dismiss is resolved; you are talking about seeking discovery before an amended complaint is decided upon." *Id.* We promised to keep the Court and the parties informed.

Hon. Paul A. Engelmayer
Page 2 of 3
April 27, 2022

Based on this colloquy about whether to order discovery, we did not understand the Court to be admonishing us that if we opposed the motion to dismiss, we would be waiving our right to seek to amend under Rule 15.  Our understanding that a Rule 15 motion could be filed was informed by the absence of a formal scheduling order in this litigation, and by our understanding that motions under Rule 15(a)(2) may be made at any stage of litigation, up to and including trial.  In fact, we had hoped to file both the opposition and the Rule 15 motion on the same day, but the complaint, for reasons explained here, was simply not ready.  Instead, by offering Defendants an extension on their reply deadline, as we did, we hoped to avoid any perceived prejudice to Defendants.

On April 4, 2022, when the opposition to the motions to dismiss was due, we were still pursuing and receiving information that was central to our amended complaint.  So, on the same day that we filed the opposition, we also filed a letter to the Court, copied to all Defendants, stating that we intended to seek leave to amend under Rule 15, that we would file our motion before the due date for their reply briefs and would therefore agree to a "reasonable extension of the current motion to dismiss briefing schedule," and would propose a meet and confer with the other parties.  ECF No. 102.

On the same day, we sent a separate letter to Defendants, stating that we planned to seek leave to amend, and offering "a reasonable modification of the current briefing schedule to provide Defendants with sufficient time to determine" whether they intended to reply to the opposition or oppose the Rule 15 motion.  Defendants responded, stating that they opposed participating in a meet and confer without first receiving a copy of the proposed amended complaint.  The proposed amended complaint was not then complete, and had not been properly vetted and approved.  We therefore could not provide Defendants with a copy of the proposed amendment, and reiterated our request for a meet and confer.  Counsel for Wigdor responded by threatening us with sanctions.  But, we never expected Defendants to take a position on the merits of the Rule 15 motion without reviewing the complaint itself.  That is why we proposed the extension, and promised to keep them fully informed.

The meet and confer was held on April 8.  We renewed our offer of an extension at that time.  We also informed Defendants that we expected to file in a week to ten days, and certainly before their replies were due on April 22.  Defendants reserved all rights.  We proposed to report to the Court on the meet and confer, but counsel for Wigdor objected, insisting that we make no representations to the Court regarding their position.  We apologize to the Court for any confusion caused by our failure to do so, but we were attempting to honor Wigdor's demand and not overburden the Court.   We attempted in good faith to avoid prejudicing Defendants in their response to either our opposition or our Rule 15 motion.

On April 18, we filed our Rule 15 motion.  On April 19, we renewed our offer to meet and confer again with Defendants as to the Rule 15 motion.  Only one Defendant replied, declining our offer.  Their letter to the Court followed, ECF No. 107, complaining that the meet and confer

Hon. Paul A. Engelmayer
Page 3 of 3
April 27, 2022

was not meaningful and suggesting that we had somehow forced Defendants into an unfair position causing them great prejudice.

We regret burdening the Court with yet another back-and-forth, but given the stakes involved, we believe it critical to set the record straight.  We respectfully request that the Court consider the full record in connection with its future rulings in this litigation.  Plaintiff's counsel has attempted in good faith to promote the orderly and efficient management of this litigation, and apologizes for any misunderstanding regarding the Court's admonitions and deadlines.

    Respectfully,

    /s/ Susan Estrich    /s/ Reid M. Figel
    Susan Estrich    Reid M. Figel
    Counsel for Plaintiff

cc: Counsel of Record via ECF